■ STANLEY I. CLARK et al., Appellants, v. BOARD OF ELECTIONS et al., Respondents.— Judgment of the Supreme Court, Kings County, dated September 4, 1974, affirmed, without costs. No opinion. Cohalan, Acting P. J., Christ, Brennan and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse and to grant relief to petitioners as indicated in his dissenting memorandum in *Greenspun* v. *Board of Elections* (45 A D 2d 956).

■ JULIAN S. GREENSPUN et al., Appellants, *v.* BOARD OF ELECTIONS et al., Respondents.— Judgment of the Supreme Court, Kings County, dated September 4, 1974, affirmed, without costs. No opinion. Cohalan, Acting P. J., Christ, Brennan and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse and to grant relief to petitioners as indicated in the following memorandum: These five candidates are running for four nominations for the office of Judge of the Civil Court of the City of New York. The concept of the primary law is to permit all candidates in a primary election for a particular office to appear before the enrolled voters of their party, without the handicap of group or party designations, and to have an equal opportunity, without discrimination, to win the favor of the enrolled members of their party. It seems to me, therefore, that, where *inter se* the voting machine is so arranged, as here, that two of the five candidates appear as number one on the voting machine, each in half of the various election districts, this is discriminatory as to the remaining three candidates. Likewise, it seems to me that placing four of these candidates in a block, to give to each of them the vicarious assistance of the other three by such association, is discriminatory as to the independent. I, therefore, dissent and vote to declare subdivision 7 of section 242-a of the Election Law unconstitutional insofar as it does not provide for equal opportunity for each of these candidates for position on the voting machine.